IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURTIS MOORE, JR., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 19-CV-1673-S-BK |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order Referring Case*, Doc. 5, Defendant's *Motion to Dismiss and Brief in Support*, Doc. 6, are before the Court for findings and a recommended disposition. For the reasons that follow, the motion should be **GRANTED**.

**I.    Procedural History**

In June 2019, Plaintiff filed this counseled action in state court seeking to prevent a post-foreclosure eviction from his residence (the "Property") by Defendant. Doc. 1-4 at 2-17. He raises claims against Defendant for (1) breach of contract based on Defendant's alleged failure to comply with regulations of the United States Department of Housing and Urban Development ("HUD") which are incorporated into the parties' Deed of Trust (the "Deed"); (2) violation of the Texas Debt Collection Act ("TDCA"); and (3) quiet title and trespass to try title. Doc. 1-4 at 4-9, 11. Plaintiff also seeks to set aside the foreclosure sale and cancel the trustee's deed and requests injunctive relief. Doc. 1-4 at 10-12, 14. Defendant removed the case to this Court based on diversity jurisdiction, Doc. 1 at 3-6, and now move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Doc. 6.

**II.      Applicable Law**

As a threshold matter, Defendant's motion should be treated as a Rule 12(c) motion for judgment on the pleadings, rather than as a motion to dismiss under Rule 12(b)(6), because Defendant filed an answer in state court before removing the case to this Court.  Doc. 1-7 at 2-5. A motion asserting failure to state a claim on which relief can be granted, however, must be made before pleading if a responsive pleading is allowed.  Fed. R. Civ. P. 12(b).  When, as here, a defendant mistakenly files a Rule 12(b)(6) motion, the court can treat the motion as one filed under Rule 12(c).  *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).  Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  The central issue in ruling on Rule 12(c) motions is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citing *Hughes v. Tobacco Inst., Inc*., 278 F.3d 417, 420 (5th Cir. 2001)).  The standard for deciding a motion under Rule 12(c) is thus the same as that for deciding a motion under Rule 12(b)(6).  *Id.* at 313 n.8.

To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true.  *Id.* at 572; *see also Randall D. Wolcott, M.D., P.A. v.*

*Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

### III. Analysis

#### A. Breach of Contract

Plaintiff alleges that Defendant violated the Deed's provisions by accelerating the note and foreclosing on the Property in violation of HUD regulations which required Defendant to (1) conduct a face-to-face interview with Plaintiff or make a reasonable effort to do so; (2) accept Plaintiff's partial payments and apply the funds towards his account balance; and (3) inform Plaintiff of other available assistance before initiating foreclosure proceedings. Doc. 1-4 at 6-7 (citing 24 C.F.R. §§ 203.556(b), 203.604(b), (e)).

Defendant argues that this claim is barred because Plaintiff had first breached the terms of the Deed by defaulting on his loan payments. Doc. 6 at 9-11. Defendant further asserts that Plaintiff cannot bring a private cause of action based on Defendant's alleged failure to comply with HUD regulations and, even if he could, he has not adequately pled damages. Doc. 6 at 11-12. In reply, Plaintiff contends that Defendant has post-default contractual obligations that give rise to a viable claim for breach of the Deed. Doc. 11 at 2-3.

Under Texas law, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (citation omitted). In *Williams*, the court held, however, that a party's default under a contract will only excuse the

other party's performance of the contract's terms insofar as those terms are dependent on the promises that the defaulting party failed to perform. *Id.* As applied in the foreclosure context, for example, a lender's breach of a deed of trust for failing to properly serve notice of a foreclosure can be maintained regardless of the defaulting party's failure to perform because the lender's obligation to give notice would not even arise unless the default occurred. *Id*. at 244-45. "If performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can always be excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning." *Id*. at 245.

Plaintiff is also correct that HUD regulations can provide a borrower with a private cause of action — but only if "the regulations are expressly incorporated into the lender-borrower agreement." *Johnson v. World Alliance Fin. Corp*., 830 F.3d 192, 196 (5th Cir. 2016). In *Johnson*, the borrower's notes and deeds of trust did not "expressly require the lender to establish and assure lien priority at the time the loan is made. Lacking any evidence that the parties intended to incorporate into the [mortgage agreement] the *specific HUD term at issue*, [the borrower] has no HUD-based claim." *Id*. (internal quotation marks omitted) (emphasis added).

In this case, Plaintiff does not direct the Court to any specific HUD provision that has been incorporated into the Deed. In his complaint, he cites only to highly generalized language referencing HUD obligations. *See, e.g*., Doc. 1-4 at 5 ("Lender may, except as limited by regulations issued by the Secretary . . . require immediate payment" and "This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary."). In response to Defendant's motion, Plaintiff fares no better. *See* Doc. 11 at 3 (asserting that HUD regulations are incorporated into the Deed by virtue of language defining "Secretary" as the "Secretary of the United States Department of Housing and Urban

Development or his designee."). Under *Johnson*, this is not a sufficiently specific reference.[1] 830 F.3d at 196.

### B. Texas Debt Collection Act

1. Pleading Damages

As an initial matter, Defendant asserts that Plaintiff cannot sustain his TDCA claim because he has not pleaded any actual damages resulting from the alleged violation. Doc. 6 at 13. As Plaintiff points out, however, he stated in his petition that he suffered, *inter alia*, mental anguish, loss of sleep and appetite, chronic pain, confusion, time lost from work, and out of pocket expenses. *See* Doc. 1-4 at 9. Damages recoverable under the TDCA include damages for lost hours of work, physical pain, and mental anguish. *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). Accordingly, Plaintiff has adequately alleged damages.

2. Texas Financial Code Section 392.301(a)(8)

This section prohibits mortgage servicers from attempting to recover an outstanding loan by threatening to take an action prohibited by law. Plaintiff asserted in his complaint that Defendant violated this provision by foreclosing on the Property without having a valid contractual right to do so.[2] Doc. 1-4 at 8-9. Defendant argues that this claim fails because foreclosure is not prohibited by section 392.301(a)(8) when, as here, the mortgagor has defaulted on their payments. Doc. 6 at 13-14.

Plaintiff responds that Defendant violated applicable law by (1) improperly acquiring unnecessary force-placed insurance on the Property and misrepresenting to him that he was liable for it; and (2) foreclosing on the Property in violation of HUD regulations incorporated

---

[1] Plaintiff's request to set aside the foreclosure sale and cancel the trustee's deed is based on the same arguments and should be rejected for the same reasons. *See* Doc. 1-4 at 10-11.
[2] Plaintiff repeatedly refers to Defendant in this portion of his complaint as "Caliber," which the Court assumes is a scrivener's error. *See, e.g.*, Doc. 1-4 at 8-9, *passim*.

into the Deed. Doc. 11 at 5-6. Plaintiff did not raise in his complaint the "force-placed insurance" issue in the context of his TDCA claim, so the Court will not consider it now. *See Cutera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (holding that a claim raised in response to a dispositive motion is not properly before the court). Second, while section 392.301(a)(8) prohibits mortgage servicers from threatening to take an action prohibited by law, foreclosure — or the threat thereof — is not prohibited when a plaintiff has defaulted on his mortgage. *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 & n.4 (5th Cir. 2015). Plaintiff's TDCA claim should thus be dismissed.

### C. Quiet Title/Trespass to Try Title

Defendant urges that Plaintiff's quiet title/trespass to try title claim fails because it is not based on the strength of Plaintiff's purported title to the Property, but on "the weakness of his adversary's title." Doc. 6 at 15-16. Plaintiff contends, however, that he is not required to prove and present evidence showing the strength of his title to state an adequate claim for relief because he has alleged that the foreclosure sale of the Property was void due to violation of the previously described HUD regulations. Doc. 11 at 7-8.

To recover on either a quiet title or a trespass to try title action, a plaintiff must recover upon the strength of his own title, not on the weakness of the defendant's. *See Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994) (trespass to try title); *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001) (quiet title). Plaintiff's request turns on his contention that Defendant had no right to foreclose on the Property, making the foreclosure sale void. Because the Court has concluded that Defendant did not breach the Deed as Plaintiff alleges, he cannot establish the superiority of his title to the Property. Accordingly, his claims seeking to quiet title and trespass to try title are subject to dismissal.

### D. *Injunctive Relief*

Finally, Defendant urges that Plaintiff's request for injunctive relief in an effort to avoid eviction should be dismissed because he has failed to state any viable causes of action. Doc. 6 at 17. Under Texas law, injunctive relief is not an independent cause of action and cannot sustain a case when a court dismisses all underlying substantive claims. *Johnson v. Wells Fargo Bank*, NA, 999 F.Supp.2d 919, 935 (N.D. Tex. 2014) (citation omitted); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). For the reasons discussed above, Plaintiff has not stated any potentially viable claims. As such, he is not entitled to injunctive relief.

## IV.    Leave To Amend

A court may dismiss a complaint that fails to meet the pleading requirements but "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). However, a Rule 12(c) motion for judgment on the pleadings is to be filed "[a]fter the pleadings are closed--but early enough not to delay trial," Fed. R. Civ. P. 12(c). Here, because the motion (as construed) is premature and Plaintiff has not previously amended his claims, he should be given the opportunity to do so—to the extent he is able to cure the deficiencies identified herein. *See* Fed. R. Civ. P15(a)(2) ("The Court should freely give leave [to amend] when justice so requires.").

## V.    Conclusion

For the foregoing reasons, Defendant's *Motion to Dismiss and Brief in Support*, Doc. 6, be **GRANTED** and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing an amended pleading curing the deficiencies noted herein.

To that end, Plaintiff is **ORDERED** to file an amended petition within 14 days of this report and recommendation that cures the defects outlined herein with respect to his claims. If he fails to do so, Plaintiff's claims should be dismissed with prejudice, *sua sponte* or on the motion of Defendant.

**SO RECOMMENDED** on August 4, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).